**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1745
_____

MICHAEL NELSON,
                                    Appellant

v.

CAPTAIN TAYLOR, SCI-Mahanoy; LIEUTENANT LOTWICK, SCI-Mahanoy;
LIEUTENANT TROMETTER, SCI-Mahanoy; Correctional Officer BONK, SCI-
Mahanoy; WILKINS CESPEDES, Correctional Officer SCI-Mahanoy; Correctional
Officer JONES, SCI-Mahanoy; Correctional Officer LONG, Correctional Officer, SCI-
Mahanoy; Correctional Officer ROUSEY, SCI-Mahanoy; Correctional Officer
SHATZENBACH, SCI-Mahanoy; Correctional Officer SWANTEXIS, SCI-Mahanoy;
Correctional Officer SWARTZ, SCI-Mahanoy; Correctional Officer YOUNG, SCI-
Mahanoy
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4:23-cv-00273)
District Judge: Honorable Matthew W. Brann
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 11, 2026

Before: MATEY, MONTGOMERY-REEVES, and NYGAARD, *Circuit Judges*

(Opinion filed: June 30, 2026)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Appellant Michael Nelson, a Pennsylvania state prisoner proceeding pro se and in forma pauperis, appeals from the District Court's adverse judgment. We will affirm the District Court's judgment.

## I.

In Nelson's operative second amended complaint, he alleged that, in retaliation for filing a lawsuit against a different prison official, Correction Officer Cespedes withheld two of Nelson's three daily meals from October 2022 until January 2023, causing him to lose more than 100 pounds.

After a period of discovery, plaintiff and defendant each moved for summary judgment. The District Court denied Nelson's motion and granted summary judgment in favor of the defendant, determining that Nelson had failed to exhaust available administrative remedies as required by the Prison Litigation Reform Act (PLRA). Nelson timely appealed, and has filed numerous motions in this Court, including two for appointment of counsel, which were denied.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's summary judgment decision. *See Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 265 (3d Cir. 2014).

## III.

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). To properly exhaust a claim under the PLRA, a prisoner must complete the administrative review process established by the prison, complying with all relevant deadlines and procedural rules. *See Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006).

Here, it is undisputed that Nelson submitted one grievance related to his First Amendment retaliation claim in this lawsuit: grievance number 1016594. Nelson submitted that grievance on January 23, 2023, alleging that he discovered that defendant Cespedes and others were retaliating against him for a previously filed lawsuit. The grievance was rejected later the same day because Nelson was on grievance restriction, which limited him to one grievance every fifteen working days, and he had previously submitted a grievance on January 9, 2023.

Nelson argued that administrative remedies were unavailable to him, because he was on grievance restriction and the grievance rejection was unappealable pursuant to DC-ADM 804, § 3.A.7, 3.B.1.c. Even assuming that the grievance system was temporarily unavailable during that time, *see Camp v. Brennan*, 219 F.3d 279, 281 (3d Cir. 2000), that is not the end of the matter. In *Talley v. Clark*, we held that "administrative remedies were temporarily 'unavailable' while [a prisoner plaintiff] was on suicide watch without access to writing materials," but, because prison policy specifically allowed for an extension of the grievance-submission deadline on a case-by-

3

case basis, "that [did] not excuse his failure to request an extension once he was released and able to complete the necessary forms." 111 F.4th 255, 264 (3d Cir. 2024). Here, similar to *Talley*, Nelson had alternate recourse that he failed to pursue. If Nelson felt he could not wait to file his grievance until after his restriction expired, he could have requested immediate assistance with his grievance by demonstrating his grievance was urgent and could not wait until the restriction lifted. *See Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 306 (3d Cir. 2020). But Nelson did no such thing. So Nelson failed to exhaust as required by the PLRA.

Accordingly, we will affirm the judgment of the District Court. All of Nelson's pending motions are denied.